IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Morgan Stanley Smith Barney LLC, et al., | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 14 C 50099 |
| vs. | ) | |
| Naseem Mohammed Salamah, | ) | Judge Philip G. Reinhard |
| Defendant. | ) | |

## ORDER

For the reasons stated below, respondent's motion [15] for summary judgment is denied.

## STATEMENT-OPINION

Petitioners, Morgan Stanley Smith Barney LLC ("MSSB") and Morgan Stanley Smith Barney FA Notes Holdings LLC ("Holdings") bring this action to confirm an arbitration award against respondent, Naseem Salamah. Salamah is a citizen of Illinois. Plaintiffs, by virtue of the citizenship of their members, are citizens of Delaware and New York. The amount in controversy exceeds $75,000. The court has subject matter jurisdiction. 28 U.S.C. § 1332(a)(1). Respondent moves [15] for summary judgment.

Respondent argues petitioners failed to give him proper notice of the arbitration proceedings rendering the award invalid and entitling him to summary judgment in this court. Petitioners argue the summary judgment motion is effectively a motion to vacate the arbitration award and that it is untimely.

"Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a)." Zuppardi v. Wal-Mart Stores, Inc., No. 13-3276, 2014 WL 5410266, *4 (7th Cir. Oct. 24, 2014). "All facts are construed and all reasonable inferences are drawn in the light most favorable to the non-moving party." Id.

Respondent executed a promissory note ("Note") in favor of Holdings in the sum of $176,000 dated August 20, 2010. The Note provided in part that "[a]ll notices . . . to be given to the Borrower [respondent] pursuant to this Note shall be in writing and shall be deemed to have been given if delivered by hand or overnight courier or mailed by registered or certified mail, return receipt requested, postage prepaid to the Borrower's last known address or such other address as the Borrower shall have designated." The Note also provided that "[a]ny controversy or claim arising out of or relating to this Note shall be settled by arbitration in accordance with the rules of the Financial Industry Regulation Authority ("FINRA") and judgment upon the award entered by the arbitrator(s) may be entered in any court having jurisdiction thereof."

Obvious genuine issues of material fact exist here. Respondent's motion is based on his assertion he never received timely notice of the arbitration proceeding. According to his affidavit, he did not receive any mailing or any overnight mail and was not personally served. He

asserts in the affidavit that at no time did he, or to his knowledge, any member of his family, sign for or receive an documents from FINRA.

Petitioners, in opposition to summary judgment, filed the declaration ("Asquith Declaration") of Marcia E. Asquith, Senior Vice President and Corporate Secretary of FINRA. The Asquith Declaration asserts that the business records of FINRA show that the statement of claim in the FINRA proceedings was served on respondent by mailing certified mail return receipt requested on May 14, 2013 to respondent at his home address; that a "No Answer Received" cover letter dated July 23, 2013 was mailed certified mail return receipt requested to respondent at his home address ; that an Arbitrator Ranking Form and Disclosure Report dated July 23, 2013 was mailed to respondent certified mail return receipt requested to his business address; and that the award of the arbitrator dated September 20, 2013 was sent to respondent at his email address.

If the Asquith Declaration is believed (and it must be for purposes of summary judgment) and construing it in favor of petitioners (the non-moving parties) it shows notice was provided, in accordance with the terms of the Note. Accordingly, the court cannot say as a matter of law that the required notice was not given. Petitioners have presented sufficient evidence to deny respondent summary judgment.

Petitioners also argue respondent's attempt to vacate the award is untimely and that this is an additional basis for denying his summary judgment motion. Respondent's counsel sent a letter dated November 27, 2013 to FINRA in which he stated "I understand the case is closed but I have been retained to investigate the circumstances regarding the proof of service on my client of the Notice(s), Dispute Charges and Notice of Hearing." Respondent filed his motion for summary judgment in this court on July 24, 2014. The Arbitration Act provides that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 13. Since July 24, 2014 is more than three months after the date of respondent's counsel's letter, a date by which respondent clearly knew of the award, petitioners contend respondent's summary judgment motion is actually an untimely filed motion to vacate disguised as a summary judgment motion. Respondent argues in his reply brief that his motion is "challenging the validity of the award based on lack of Notice and not a motion to vacate the award." However, he cites no authority to support this claimed distinction. In the absence of any supporting authority to the contrary from respondent, the court cannot say as a matter of law that petitioners' claim of untimeliness under 9 U.S.C. § 13 must fail. The undisputed facts appear to support the untimeliness claim. This is an additional basis to deny respondent's summary judgment motion.

For the foregoing reasons, respondent's motion [15] for summary judgment is denied.

Date: 11/06/2014                                    ENTER:

                                                    _____
                                                    United States District Court Judge

Electronic Notices. (LC)